June 15, 1908.

———————o———————

## No. 4431.

### (Court of Appeal, Parish of Orleans.)

### J. J. CLARKE CO., LTD., vs. MRS. O. L. LEONARD et als.

The responsibility of the owner to the laborers and furnishers of materials in a building contract for less than $1000 is to be tested by the provisions of the Civil Code appertaining to this subject, and not by the provisions of Act No. 180 of 1894, which latter act is applicable alone to such contracts exceeding $1000.

Appeal from the Civil District Court, Division D.

W. A. Bahns, for Plaintiff and Appellant.

R. H. Marr, W. A. Wenck and B. B. Howard, for Defendant and Appellees.

MOORE, J. Instead of contracting with a builder, contractor or undertaker for the building of a house for her on her lot, Mrs. O. B. Leonard, one of the ·defendants herein, undertook to build the house herself. To this end she gave out the several portions of the work to different persons, and among the number to one L. E. Chattock, who was to do the brick work, he to furnish the materials, for the sum of Six hundred dollars.

The materials used were purchased by Chattock for his own account from the plaintiff company, and amounted to Two hundred and ninety-three and 39-100 dollars, and were not paid for.

Thereupon plaintiff company caused its account against Chattock to be recorded in the mortgage records for the purpose of operating as a lien and privilege on the building. Thereafter plaintiff sued Mrs. Leonard and the said Chattock for the amount of the bill and for recognition of a lien and privilege on the building to secure the amount sued for.

There was judgment in favor of plaintiff and against both defendants, in solido, for Sixty Dollars being the admitted balance due by Mrs. Leonard to Chattock, with recognition for a lien and privilege to secure said sum.

From this judgment plaintiff appeals.

No valid reason has been suggested why this judgment should not be affirmed.

As the contract between Mrs. Leonard and Chattock was for less than One Thousand Dollars, there was no necessity for her to have required of the undertaker "good and solvent security to the full amount of the contract," as required by Act 180 of 1894, as amended, in order to protect her against the claims of laborers and material men.

We cannot regard, as seriously urged, the singular theory that Mrs. Leonard combined in her own person both "owner and builder," in the sense of the act supra, and that as the entire cost of the building exceeded One Thousand Dollars, and as she had failed, as "owner," to take from, herself as "builder," "bond and surety for the full amount of the contract," *id est*, the entire cost of construction, she became, as "owner," liable in solido with the "builder" for all the claims of the laborers and furnishers of materials.

291

Quoad Chattuck, Mrs. Leonard was the owner, and the former the contractor, and as the contract between them was, as stated, for less than $1000, her liability to the laborers employed by him to do the work and to those who furnished the materials used therein, all of whom take solely under and as legal subrogees of Chattuck, is to be tested under Arts. *2772 et seq.* of the Civil Code, and not under the act of 1894 *supra.*

The judgment appealed from is affirmed.

June 15, 1908.

Rehearing refused June 22, 1908.

Writ denied by Supreme Court Aug. 18, 1908.